MONTE CHRISTO, The (UNITED STATES v.). See Case No. 9,720.

---

## Case No. 9,721.

MONTEITH et al. v. KIRKPATRICK.

[3 Blatchf. 279.] [1]

Circuit Court, S. D. New York. May 22, 1855.

CARRIERS — BILL OF LADING — RESHIPMENT — LIABILITY OF INTERMEDIATE CARRIER — AFFREIGHTMENT — CHARGES — ADVANCES.

1. Where A., at Oswego, shipped flour to B. at New York, through the canal, subject to char-

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

ges for freight through Lake Ontario, and chargeable with specified freight from Oswego to New York, and wrote on the bill of lading, "Pay charges to C. on safe delivery," and D., a canal forwarder at Oswego, receipted the bill of lading thus, "Received in good order for C.," and C., a forwarder from Albany to New York, receiver the flour at Albany in apparent good order, and paid the charges for freight through Lake Ontario, and the freight from Oswego to Albany, and carried the flour to New York, and delivered it to B., and it appeared that the flour had been damaged by wet before it arrived at Albany: *Held*, that, as C. had no interest in, or connection with either the lake or the canal navigation, and merely received the flour at Albany and transported it to New York, he was not answerable for either the carrier on the lake or on the canal, and was not responsible for the damage to the flour.

[Cited in The New Hampshire, 21 Fed. 927.]

2. C. was entitled to recover from B. the charges which he paid at Albany, when he received the flour, it appearing that the advance was made according to the established usage in shipping goods from Oswego to New York.

[Cited in Knight v. Providence & W. R. Co., 13 R. I. 576.]

3. Such advance became chargeable on the goods the same as the freight from Albany to New York, and the whole claim became an entirety, capable of being enforced by C., by a libel against B., in the district court.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam, filed in the district court [by George Monteith and others against Charles Kirkpatrick], to recover freight and charges for the transportation of 850 barrels of flour from a port in Canada through Lake Ontario and the canal to Albany, and thence to New York. After a decree in the district court in favor of the libellants, the respondent appealed to this court.

Erastus C. Benedict, for libellants.
Ammiel J. Willard, for respondent.

NELSON, Circuit Justice. Perry & Van Dyck, of Oswego, shipped the flour in question in this case, to John Wilmot, in care of the defendant, at New York, subject to charges for freight through Lake Ontario, which were $132 13, and chargeable with 43 cents per barrel, freight from Oswego to New York. They wrote on the face of the bill of lading, "Pay charges to Albany Canal Line, on safe delivery." Franklin & Austin, of Oswego, forwarders on the canal, receipted the bill of lading, as follows: "Received the above in good order, for Albany Canal Line." The flour was received at Albany in apparently good order by the libellants, owners of "The Albany Canal Line," who paid the Oswego charges, $132 13, and the freight thence to Albany, (included in the 43 cents per barrel), transported the flour to New York, and delivered it to the defendant. "The Albany Canal Line" is a transportation line from Albany to New York. On an inspection of the

flour, after its arrival and delivery at New York, it was found to have been damaged by wetting, fifty cents per barrel. But this damage occurred previously to its arrival at Albany.

The respondent seeks to abate the amount of charges and freight claimed by the libellants, by deducting this damage to the flour. There could be no objection to this, if the libellants are responsible for the damage claimed. The difficulty is, that it does not appear, from any proofs in the case, that they are answerable for either the carrier on the lake or on the canal, under one or the other of whose charge the damage must have happened. The libellants had no interest in, or connection with, either the lake or the canal navigation. They simply received the flour at Albany, and transported it upon their line, from that place to New York. It is true that Franklin & Austin, the forwarders on the canal at Oswego, were in the habit of favoring the line of the libellants in the transportation of goods. But they do not appear to have been under any obligations to do so—certainly not from any partnership arrangements existing between the parties. The libellants, therefore, not being responsible for the damage, it was properly disallowed by the court below.

Another ground of defence is, that the libellants are not entitled to recover the charges paid by them at Albany, when they received the goods to be transported on their line. But the case shows that this advance was made according to the established usage of the shipping of goods from the port of Oswego to New York. The contract of shipment must, therefore, be construed with reference to, and in subordination to this usage. The right to recover the charges, stands upon the same footing as the right to the freight from Albany to New York.

It is also objected that the district court had no jurisdiction of the case, so far as related to these charges, as a portion of them were for the shipment of the flour on the canal. These charges were for freight on Lake Ontario, as well as upon the canal. As we have seen, according to the usage of the business, the contract of shipment with the respondent implied an undertaking to repay those charges, when advanced by the libellants; and they became thereby chargeable upon the goods shipped, the same as the freight from Albany to New York. The contract, therefore, as respected the whole amount claimed by the libellants, was, in judgment of law, an entirety, not severable, and contains all the essential elements of a maritime contract. The shipment of the goods to which it related, began and ended upon waters within the admiralty jurisdiction. I am inclined, therefore, to think that this ground of defence is not well taken, and that the decree below was right, and should be affirmed.